IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TIMOTHY SCOTT WHALEY,
    Plaintiff,

vs.                                                         Case No.: 3:15cv346/RV/EMT

SUSAN MARY CARROLL,
a/k/a Susan Mary Small, and
STATE OF WISCONSIN,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, a non-prisoner proceeding pro se, initiated this action by filing a civil complaint pursuant to 42 U.S.C. § 1983 (doc. 1). Plaintiff has also filed a motion to proceed in forma pauperis (doc. 2). Upon review of the complaint, it is apparent that venue is not proper in the Northern District. Accordingly, this case should be transferred.

    Plaintiff, who currently resides in Santa Rosa County, Florida, sues Susan Mary Carroll, evidently Plaintiff's ex-wife, and the State of Wisconsin. Plaintiff alleges in general that the State of Wisconsin violated the Fifth, Sixth and Eighth Amendments to the Constitution through various erroneous actions relative to divorce proceedings in Oneida County, Wisconsin, which appear to have included custody, visitation, and child support issues. Criminal action was also taken against Plaintiff, evidently stemming from child support payment issues (doc. 1 at 3–4). Some proceedings, evidently extradition proceedings, were taken against Plaintiff in Santa Rosa County so that he could be brought to answer the Oneida County charges.[1] Plaintiff also levies against Defendants claims of kidnapping, aiding and abetting kidnapping, "illegally running a case out of jurisdiction,"

---

[1] Cobb County, Georgia was also referenced as a venue where the State of Wisconsin had evidently attempted to enforce its order for child support (doc. 1 at 7).

unconstitutional extradition, illegal conviction, and violations of the Uniform Child Custody Jurisdiction and Enforcement Act and the Uniform Interstate Family Support Act. Plaintiff seeks monetary damages, injunctive relief, and the imposition of criminal charges against Defendants.

Venue for civil actions is governed by 28 U.S.C. § 1391(b), which provides:

(b) Venue in general.--A civil action may be brought in–

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.* Furthermore, 28 U.S.C. § 1404 provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer an action pursuant to § 1404(a) is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion." Roofing & Sheeting Metal Serv. v. La Quinta Motor Inns, 689 F.2d. 982, 985 (11th Cir. 1982). Such transfers may be made sua sponte by the district court. Mills v. Beech Aircraft Corp., 886 F.2d 758, 761 (5th Cir. 1989); Robinson v. Madison, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation."); Empire Gas Corp. v. True Value Gas of Florida, Inc., 702 F. Supp. 783, 784 (W.D. Mo. 1989); *accord* Roofing & Sheeting, 689 F.2d at 991 n.14.

In analyzing the issue of proper venue in the context of motions to dismiss under the federal doctrine of forum non conveniens, courts have looked to certain factors set forth by the United States Supreme Court relating to the private interest of the litigants and the public interest in the fair and

efficient administration of justice.  *See* Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508–09, 67 S. Ct. 839, 843, 91, L. Ed. 1055 (1988), *superseded by statute on other grounds as explained in* American Dredging Co. v. Miller, 510 U.S. 443, 449 n.2, 114 S. Ct. 981, 986 n.2, 127 L. Ed. 2d 285 (1994);[2] *accord* Cowan v. Ford Motor Co., 713 F.2d 100, 103 (5th Cir. 1983).[3]  While forum non conveniens would not apply in a case such as this where there exists an alternative federal forum in which this case could have been brought and to which this case may be transferred, the factors enunciated in Gilbert, which provide the basis for a court's analysis of the relative fairness and convenience of two alternative forums, are helpful in determining whether to effect a change in venue under section 1404(a).

The factors set forth in Gilbert are as follows:

---

[2]In American Dredging, the Court explained:

> Gilbert held that it was permissible to dismiss an action brought in a District Court in New York by a Virginia plaintiff against a defendant doing business in Virginia for a fire that occurred in Virginia. Such a dismissal would be improper today because of the federal venue transfer statute, 28 U.S.C. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  By this statute, "[d]istrict courts were given more discretion to transfer . . . than they had to dismiss on grounds of forum non conveniens." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 253, 102 S. Ct. 252, 264, 70 L. Ed. 2d 419 (1981).  As a consequence, the federal doctrine of forum non conveniens has continuing application only in cases where the alternative forum is abroad.

American Dredging, 510 U.S. at 449 n.2.

[3]In Cowan, the Fifth Circuit explained the proper applicability of the doctrine of forum non conveniens in light of the enactment of section 1404(a):

> Section 1404(a) superseded the common law doctrine of forum non conveniens insofar as transfer to another federal district court is possible.  As the Supreme Court pointed out in Norwood v. Kirkpatrick, "the harshest result of the application of the old doctrine of forum non conveniens, dismissal of the action, was eliminated by the provision in § 1404(a) for transfer." 349 U.S. 29, 32, 75 S. Ct. 544, 546, 99 L. Ed. 789 (1955).

Cowan, 713 F.2d at 103 (additional citations omitted).

> [i]mportant considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all of the practical problems that make trial of a case easy, expeditious and inexpensive. . . . Factors of public interest also have [a] place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. . . .

Gilbert, 330 U.S. at 508–09.

In the instant case, the acts or occurrences forming the basis of the complaint arose in the Oneida County Court, which is located in the Western District of Wisconsin. Defendants are located in Wisconsin, and the attendance of witnesses and availability of sources of proof would greatly favor venue in Wisconsin. This "sources of proof" factor is doubly important here, as the claims raised by Plaintiff may well be subject to summary dismissal because 1) federal jurisdiction over state domestic relations matters is doubtful, 2) Plaintiff likely lacks standing to demand that prosecutorial action be taken against Defendants, 3) Defendants might be immune from suit or may not qualify as state actors for purposes of civil rights liability, 4) the statute of limitations might have run on some or all of Plaintiff's claims, and 5) Plaintiff's claims might be subject to dismissal under Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994)—and closer access to witnesses and evidentiary materials may serve to facilitate resolution of these matters. While Plaintiff is located in this district, and this district has some measure of connection to the case due to proceedings held here, these proceedings were limited to the procedure of extradition and the enforcement of existing orders handed down in the Oneida County Court. Santa Rosa County's involvement was therefore subservient to the mainframe litigation (and the actions of which Plaintiff complains), which emanated from the State of Wisconsin.

Therefore, in the interest of justice, this action should be transferred to the Western District of Wisconsin.

Case No.: 3:15cv346/RV/EMT

Accordingly, it is respectfully **RECOMMENDED**:

1. That this case be transferred to the United States District Court for the Western District of Wisconsin.

2. That the Clerk be directed to close the file.

**DONE AND ORDERED** this 8th day of September 2015.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**